ORAL ARGUMENT NOT SET
No. 12-1428 (consolidated with 12-1476, 12-1477)
IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**PLANT OIL POWERED DIESEL FUEL SYSTEMS, INC.,**

                        Petitioner,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,**

                        Respondents.

Petition for Review of Decision of
the U.S. Environmental Protection Agency and
the U.S. Department of Transportation

**REPLY IN SUPPORT OF THE CITY OF NEW YORK'S MOTION TO INTERVENE**

KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
GAVIN G. MCCABE
Supervising Deputy Attorneys General
M. ELAINE MECKENSTOCK (SBN 268861)
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5894
  Fax: (415) 703-5480
  Email:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Proposed Intervenor State of California by and through the California Air Resources Board*

*Additional Counsel on Signature Pages*

On November 23, 2012, the States of California, Connecticut, Iowa, Maryland, Massachusetts, New York, Oregon, Vermont, and Washington, along with the City of New York, timely moved to intervene in this matter and in all other petitions for review of the joint rule issued by the U.S. Environmental Protection Agency ("EPA") and National Highway Traffic Safety Administration ("NHTSA").  Dkt. No. 1406411.  On December 7, 2012, Petitioner Plant Oil Powered Diesel Systems, Inc. (POP Diesel) filed a partial opposition to this motion, objecting only to the intervention of the City of New York.[1]  Petitioner POP Diesel's Opposition To Movant-Intervenor The City Of New York's Motion To Intervene ("Opposition") (Dkt. No. 1408763).  The States and the City of New York reply to POP Diesel's Opposition as follows:

First, the City of New York (City) has a long history of participation in related and similar cases involving EPA, the Clean Air Act, and greenhouse gas emissions.  The City was a plaintiff in *Massachusetts v. EPA*, which established that EPA had authority under the Clean Air Act to regulate greenhouse gas emissions from new vehicles.  549 U.S. 497, 528-32 (2007).  This is the authority that EPA exercised when it adopted the rule challenged in this case.  In other

---

[1] The States and the City of New York do not object to the late filing of POP Diesel's opposition.  *See* Petitioner POP Diesel's Motion For Retroactive Leave To Have Filed One Day Late Its Opposition To Movant-Intervenor The City of New York's Motion To Intervene (Dkt. No. 1409500).

1

words, the City has moved to intervene to defend a rule that resulted from litigation in which the City was a plaintiff. The City was also an intervenor in the *Coalition for Responsible Regulation, Inc. v. EPA* cases involving standards for greenhouse gas emissions for light-duty vehicles (for earlier model years). *See* 684 F.3d 102, 113-14 (D.C. Cir. 2012). And the City's involvement in greenhouse gas cases has not been limited to those two cases. *See, e.g., American Electric Power Co., Inc. v. Connecticut*, 131 S. Ct. 2527 (2011); *Delta Construction Co. v EPA* (Case No. 11-1428). In sum, the City has a long- and well-established history of significant interest in greenhouse gas litigation, including specifically the regulation of greenhouse gas emissions from vehicles, and there is no reason to preclude the City's participation in this case.

Second, with a population of 8.2 million people and over 520 miles of coastline, New York City faces challenges related to climate change similar to those faced by many state governments. In fact, the City has interests here that are similar, if not identical, to those of Massachusetts in *Massachusetts v. EPA*. Just as Massachusetts "own[s] a great deal of the 'territory alleged to be affected'" by rising sea levels, *Massachusetts*, 549 U.S. at 519, New York City owns critical coastal infrastructure, such as roads, bridges, ferry terminals, and wastewater

2

treatment plants, that is equally threatened.[2] Thus, the City "has alleged a particularized injury in its capacity as a [property] owner." *Id.* at 522. The City also anticipates remediation costs from rising sea levels and weather events that are "well into the hundreds of millions of dollars." *See id.* at 523. These risks were highlighted dramatically by Hurricane Sandy, which caused $4.5 billion in losses to and costs incurred by City agencies, and an additional $5.7 billion in lost gross City product.[3] The Court's conclusion that Massachusetts had standing in *Massachusetts v. EPA* was based on similar facts and interests, not, as POP Diesel claims, on the "direct role" of states in administering the Clean Air Act. Opposition at 2; *see also Massachusetts*, 549 U.S. at 521-23. Further, these interests are distinct from those of New York State, and the State therefore does not represent all of the City's interests, even if the City's citizens are also citizens of the State. *See* Opposition at 5-6; *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) ("[O]rdinarily [a movant] should be allowed to

---

[2] City of New York, *PlaNYC Update April 2011* (2011) at 156-58, *available at* http://nytelecom.vo.llnwd.net/o15/agencies/planyc2030/pdf/planyc_2011_planyc_full_report.pdf

[3] Press Release, "Mayor Bloomberg Releases Hurricane Sandy Federal Aid Request" (Nov. 26, 2012), *available at* http://www.nyc.gov/portal/site/nycgov/menuitem.b270a4a1d51bb3017bce0ed101c789a0/index.jsp?doc_name=/html/om/html/2012b/events_11.html.

intervene unless it is clear that the party will provide adequate representation for the absentee.") (internal quotation omitted).

In the end, POP Diesel does not really dispute the City's interest here. It simply "disagrees with the City's proposition" that EPA and NHTSA's rule will reduce greenhouse gas emissions. Opposition at 1-3. But that argument engages the merits of POP Diesel's challenge, not the City's interest in intervention. The City has a compelling interest in reducing the greenhouse gas emissions that cause climate change, as most recently—and starkly—demonstrated by Hurricane Sandy. The City has a corresponding interest in supporting a national regulation that two federal agencies, numerous States, and the City all believe will reduce greenhouse gas emissions and, thus, help mitigate the impacts of climate change on the City.

## CONCLUSION

New York City, along with the movant-intervenor States, has more than sufficient interest in this case to support intervention. We therefore respectfully request that this Court grant our motion to intervene in its entirety.

Pursuant to ECF-3(B) of this Court's Administrative Order Regarding Electronic Case Filing (May 15, 2009), the undersigned counsel for the State of California hereby represents that the other parties listed in the signature blocks below have consented to the filing of this reply in support of the motion to intervene.

| | |
|---|---|
| Dated: December 17, 2012 | Respectfully Submitted,<br><br>KAMALA D. HARRIS<br>Attorney General of California<br>ROBERT W. BYRNE<br>GAVIN G. MCCABE<br>Supervising Deputy Attorneys General<br><br><br>/s/ M. Elaine Meckenstock<br>M. ELAINE MECKENSTOCK<br>Deputy Attorney General<br>*Attorneys for Proposed Intervenor State of California by and through the California Air Resources Board* |
| THOMAS J. MILLER<br>Attorney General<br><br>DAVID SHERIDAN<br>Assistant Attorney General<br>Environmental Law Division<br>Lucas State Office Building<br>321 E. 12th Street, Ground Fl.<br>Des Moines, IA  50319<br>(515) 281-5351<br>*Attorneys for Proposed Intervenor State of Iowa* | DOUGLAS F. GANSLER<br>Attorney General<br><br>ROBERTA JAMES<br>Assistant Attorney General<br>Office of the Attorney General<br>Maryland Department of the Environment<br>1800 Washington Blvd., Suite 6048<br>Baltimore, MD  21230<br>(410) 537-3748<br>*Attorneys for Proposed Intervenor State of Maryland* |

5

MARTHA COAKLEY
Attorney General

CAROL IANCU
TRACY TRIPLETT
Assistant Attorneys General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA  02108
(617) 963-2428
*Attorneys for Proposed Intervenor Commonwealth of Massachusetts*

MICHAEL A. CARDOZO
Corporation Counsel

CHRISTOPHER GENE KING
CARRIE NOTEBOOM
Assistant Corporation Counsel
100 Church Street
New York, NY  10007
(212) 788-0771
*Attorneys for Proposed Intervenor City of New York*
ROBERT M. MCKENNA
Attorney General

LESLIE SEFFERN
Assistant Attorney General
Washington State Office of the Attorney General
P.O. Box 40117
Olympia, WA  98504-0117
(360) 586-6770
*Attorneys for Proposed Intervenor State of Washington*

ERIC T. SCHNEIDERMAN
Attorney General

MICHAEL J. MYERS
Assistant Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY  12224
(518) 402-2594
*Attorneys for Proposed Intervenor State of New York*

ELLEN F. ROSENBLUM
Attorney General

PAUL A. GARRAHAN
Assistant Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1515 SW Fifth Avenue, Suite 410
Portland, OR  97201
(971) 673-1943
*Attorneys for Proposed Intervenor State of Oregon*

## CERTIFICATE OF SERVICE

| Case Name: | **Plant Oil Powered Diesel Fuel Systems, Inc. v. EPA et al.** | **12-1428 (and consolidated cases)** |
|---|---|---|

I hereby certify that on December 17, 2012, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY IN SUPPORT OF THE CITY OF NEW YORK'S MOTION TO INTERVENE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 17, 2012 at San Francisco, California.

| M. Elaine Meckenstock | /s/ *M. Elaine Meckenstock* |
|---|---|
| Declarant | Signature |