ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DELTA CONSTRUCTION COMPANY, et al., | ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) |
| Respondents. | ) ) ) |

No. 11-1428 (and consolidated cases)

**JOINT MOTION TO SEVER AND TO CONTINUE TO HOLD IN ABEYANCE CASE NOS. 11-1438 AND 11-1440, FOR ENTRY OF A BRIEFING FORMAT AND SCHEDULE FOR REMAINING CONSOLIDATED CASES, AND FOR PROCEDURAL COORDINATION WITH RELATED CASE NOS. 12-1428 AND 13-1076**

Pursuant to this Court's order dated May 1, 2013, Respondents United States Environmental Protection Agency ("EPA") and National Highway Traffic Safety Administration ("NHTSA"),[1] Petitioners Delta Construction Company et al. (Case No. 11-1428), Plant Oil Powered Diesel Fuel Systems, Inc. ("POP Diesel") (Case Nos. 11-1441 and 12-1427), American Petroleum Institute, *et al.* (Case No. 11-

---

[1] NHTSA is a respondent only in Case Nos. 11-1441 and 12-1427 and has moved for dismissal in No. 12-1427 for lack of jurisdiction. In the May 1, 2013 order, this Court referred that motion to the merits panel and directed the parties to address the jurisdictional issues in their briefs. Doc. No. 1433790.

1440), Utility Air Regulatory Group (Case No. 11-1438), and Clean Energy Fuels Corp. (Case No. 11-1439), and Movant-Intervenors (collectively "Movants") hereby file this motion to govern further proceedings in the referenced cases. These parties jointly move for an order: (1) severing Case Nos. 11-1438 and 11-1440 from the consolidated cases, consolidating these two cases with each other, and continuing to hold those two cases in abeyance pending the United States Supreme Court's resolution of proceedings in *Utility Air Regulatory Group v. EPA*, U.S. Supreme Court Case No. 12-1146 (and consolidated cases); (2) establishing a briefing format and schedule for the remaining consolidated cases in Case No. 11-1428, and (3) providing for procedural coordination of the remaining consolidated cases with related Case Nos. 12-1428 and 13-1076.

In support of this motion, Movants state as follows:

**A.** **The Challenged Rules**

1.      These consolidated petitions for review challenge an EPA rule (hereinafter the "EPA Truck Rule") and a NHTSA rule (the "NHTSA Truck Rule") establishing greenhouse gas ("GHG") emission standards and fuel efficiency standards, respectively, for medium- and heavy-duty vehicles and engines.  76 Fed. Reg. 57,106 (Sept. 15, 2011).

**B.      The Stationary Source Petitioners**

2.      Petitioners American Petroleum Institute, *et al.* (Case No. 11-1440) and Petitioner Utility Air Regulatory Group (Case No. 11-1438) (collectively, the "Stationary Source Petitioners") challenge the EPA Truck Rule[2] based on the Rule's potential effect on EPA's regulation of GHG emissions from stationary sources under the Clean Air Act.  Similar issues were raised by these petitioners in cases challenging other related EPA regulations concerning GHG emissions (the "GHG cases").  *See Coalition for Responsible Regulation v. EPA*, 684 F.3d 102 (D.C. Cir 2012), cert. petitions granted in part (U.S. Supreme Court Case Nos. 12-1146 (and consolidated cases), Oct. 15, 2013).[3]

3.      By orders dated March 28, 2012, and May 1, 2013, this Court held all of these consolidated cases in abeyance pending resolution of the related GHG cases.[4]  Doc. Nos. 1366117, 1433790.

4.      In the GHG cases, the Supreme Court granted six petitions for writ of certiorari and provided that the question presented in that Court is: "Whether EPA

---

[2]  The Stationary Source Petitioners do not challenge the NHTSA Truck Rule.

[3]  Several of these Petitioners also raised challenges to EPA's regulation of GHG emissions from light duty vehicles for model years 2017-2025.  *See* Case Nos. 12-1476 and 12-1477.

[4]  This Court's May 1, 2013 order directed the parties to file motions to govern within 30 days after the Supreme Court's grant or denial of all petitions for writ of certiorari in the related GHG cases.  Therefore, motions to govern are due by this date of November 14, 2013.

permissibly determined that its regulation of greenhouse gas emissions from new motor vehicles triggered permitting requirements under the Clean Air Act for stationary sources that emit greenhouse gases."

5.  Continuing to hold the Stationary Source Petitioners' petitions for review of the EPA Truck Rule in abeyance until after the Supreme Court's decision in the GHG cases would further judicial economy. The GHG cases raise issues similar to those raised by Stationary Source Petitioners here, related to the effect, if any, that EPA's regulation of motor vehicles' GHG emissions has on EPA's regulation of GHG emissions from stationary sources under the Clean Air Act. Final disposition of the GHG cases likely will either obviate the need for, or have some other significant effect on, any briefing of the Stationary Source Petitioners' petitions for review of the EPA Truck Rule.

6.  Accordingly, Movants respectfully request that the Stationary Source Petitioners' petitions for review (Case Nos. 11-1438 and 11-1440) be severed from Case No. 11-1428 and consolidated cases, that Case Nos. 11-1438 and 11-1440 be consolidated with each other, and that those two cases continue to be held in abeyance until the Supreme Court issues its decision in the GHG cases, Supreme Court Case Nos. 12-1146 et al. Movants propose that the parties in Case Nos. 11-1438 and 11-1440 be directed to file motions to govern further proceedings within 30 days after the Supreme Court issues its decision.

7. The Stationary Source Petitioners agree that, should they seek to litigate Case Nos. 11-1438 and 11-1440 after the Supreme Court's decision in *Utility Air Regulatory Group v. EPA*, they would limit their arguments on the merits to issues that relate to the effect, if any, of the EPA Truck Rule regarding regulation of GHG emissions from stationary sources under the Clean Air Act and not advance arguments on the motor vehicle emission standards themselves.

**C.    The Remaining Petitions for Review in Case No. 11-1428**

8. Movants[5] propose that a briefing schedule be entered for the remaining four consolidated petitions for review filed by Delta Construction, *et al.* (Case No. 11-1428), Clean Energy Fuels Corp. (Case No. 11-1439), and POP Diesel (Case Nos. 11-1441 and 12-1427).

9. Each of the petitioners or groups of petitioners in these cases raises wholly distinct issues, and the interests of these three petitioners or groups of petitioners are not aligned. Petitioners Delta Construction *et al.* raise issues related to whether EPA properly complied with procedures regarding the Science Advisory Board at 42 U.S.C. § 4365(c)(1) and the rulemaking procedures set forth at 42 U.S.C. § 7607(d). Petitioner POP Diesel raises issues related to EPA and NHTSA's consideration of the "rebound effect;" the computation of GHG credits

---

[5] Because Parts C and D of this motion do not address the Stationary Source Petitioners' briefing obligations, the Stationary Source Petitioners take no position on the issues addressed in Parts C and D.

according solely to tailpipe emissions, rather than net life-cycle emissions; and failure to provide credit for use of engines operating on 100 percent vegetable oil fuel. Petitioner Clean Energy Fuels Corp. (Case No. 11-1439) generally supports EPA's rule and raises only an issue concerning EPA's use of different values for the global warming potential of methane. Accordingly, Movants propose that Petitioners Delta Construction *et al.*, POP Diesel, and Clean Energy Fuels Corp. each file separate opening briefs (and corresponding reply briefs) to address their distinct issues.

10. To brief these issues, while being mindful of the need for judicial economy, Petitioners propose that Petitioner briefs be limited to the lengths proposed in the chart appearing in paragraph 12 below. These lengths correspond to Petitioners' best estimate of the relative complexity of each of Petitioners' issues to be raised. Respondents propose that its brief be limited in length to the total number of words allocated for Petitioners' opening briefs collectively. Movants request that the allotments for Movant-Intervenors' briefs be based on the proportions set forth in the Federal Rules of Appellate Procedure and the D.C. Circuit Rules – (i.e., intervenors' collective allotment should be based on a ratio of 8,750/14,000). *See* D.C. Cir. R. 32(a)(2)(B).

11. With respect to the schedule for briefing, Movants propose that the opening briefs be filed 60 days after issuance of a briefing order, that Respondents'

Brief be filed 60 days after Petitioners' opening briefs are due, that Respondent-Intervenors' briefs be filed 30 days after Respondents' brief is due, and that Petitioners' reply briefs be filed 30 days after Respondent-Intervenors' briefs are due.

12. In summary, in light of the considerations discussed above, Movants request that the Court establish the following briefing schedules and formats for Case Nos. 11-1428, 11-1439 , 11-1441 and 12-1427:

| Documents | Due Date | Word Limits |
|---|---|---|
| Petitioners' Opening Briefs | 60 Days After Issuance of a Briefing Order | • Case Nos. 11-1441 and 12-1427 (14,000 words)<br>• Case No. 11-1428 (10,000 words)<br>• Case No. 11-1439 (7,000 words) |
| Respondents' Brief | 60 Days After Petitioners' Opening Briefs | 31,000 words (or the same number of words as Petitioners' Opening Briefs in aggregate) |
| Respondent-Intervenors' Briefs | 30 Days After Respondents' Brief | Allotments proportionate to what is allowed under D.C. Circuit Rules:<br>• Up to 2 briefs for Environmental and State Respondent-Intervenors, not to exceed 19,375 words collectively, based on opening briefs totaling 31,000 words |
| Petitioners' Reply Briefs | 30 Days After Respondent-Intervernors' Brief | One-half the word allocation for Petitioners' respective opening briefs:<br>• 7,000 words for Case Nos. 11-1441 and 12-1427<br>• 5,000 words for Case No. 11-1428<br>• 3,500 words for Case No. 11-1439 |

| Joint Appendix | 14 days after Reply Briefs | N/A |
|---|---|---|
| Final Briefs | 7 days after Joint Appendix | N/A |

**D.     Coordination of Related Cases**

13.    Movants propose that the remaining consolidated cases that are to be briefed at this time (Case Nos. 11-1428, 11-1439 , 11-1441 and 12-1427) be procedurally coordinated with Case Nos. 12-1428 and 13-1076, so that briefing in all of these cases proceeds concurrently, and so that oral argument in all of these cases is scheduled before the same panel on the same date.

14.    Case No. 12-1428 is a petition for review by POP Diesel of EPA and DOT's separate rules establishing GHG emission standards and corporate average fuel economy standards for *light duty* vehicles in model years 2017-25 (for the GHG standards), and 2017-21 (for the corporate average fuel economy standards). 77 Fed. Reg. 62,624.  In Case No. 12-1428, Petitioner POP Diesel raises similar issues to those raised in Case Nos. 11-1441 and 12-1427 concerning EPA and NHTSA's consideration of the "rebound effect," the computation of GHG credits according to tailpipe emissions, rather than net life-cycle emissions, and failure to provide credit for use of engines operating on 100 percent vegetable oil fuel. Therefore, it is in the interest of judicial economy for Case No. 12-1428 to be procedurally coordinated with Case Nos. 11-1441 and 12-1427.  Because these

cases, however, challenge different rules with different administrative records, they should not be consolidated.[6]

15. Case No. 13-1076 is a petition for review challenging EPA's denial of a petition for reconsideration of EPA's rule establishing GHG emission standards for light duty vehicles. 78 Fed. Reg. 5347 (Jan. 25, 2013). There is substantial similarity among some of the issues in Case No. 11-1428 and Case No. 13-1076. Specifically, both cases include contentions that Respondent EPA did not submit challenged rules to the Science Advisory Board for peer review pursuant to 42 U.S.C. Section 4365(c)(1).[7] Because these two cases challenge different rules with different administrative records, they should not be consolidated. However, given the overlap of issues, it is in the interest of judicial economy for these cases to be procedurally coordinated.

WHEREFORE, Movants respectfully request that the Court: (1) sever Case Nos. 11-1438 and 11-1440 from these consolidated cases, consolidate those two cases with each other, and continue to hold those two cases in abeyance pending the Supreme Court's resolution of proceedings in *Utility Air Regulatory Group v.*

---

[6] This Court previously deferred consideration of Petitioner POP Diesel's opposed motion to consolidate Case Nos. 11-1441 and 12-1427 with Case No. 12-1428. Movants now agree that these cases should be procedurally coordinated, but not consolidated.

[7] Case No. 11-1428 includes issues related to compliance with procedural requirements in 42 U.S.C. § 7607 that are not present in Case No. 13-1076.

*EPA*, U.S. Supreme Court Case No. 12-1146 (and consolidated cases); (2) enter an order establishing a briefing format and a briefing schedule for the remaining petitions for review as described herein, and (3) provide for procedural coordination of the remaining cases with Case Nos. 12-1428 and 13-1076, so that briefing in all of these cases proceeds concurrently, and so that oral argument is scheduled before the same panel on the same date.

    Respectfully submitted,

    ROBERT G. DREHER
    Acting Assistant Attorney General
    Environment & Natural Resources
    Division

    /s/   Eric G. Hostetler
    ERIC G. HOSTETLER
    United States Department of Justice
    Environment & Natural Resources Div.
    Environmental Defense Section
    P.O. Box 7611
    Washington D.C.  20044
    Tel:  (202) 305-2326

    *Attorneys for Respondent EPA*

    STUART F. DELERY
    Assistant Attorney General
    Civil Division

    /s/ H. Thomas Byron III
    MARK B. STERN
    (202) 514-5089
    H. THOMAS BYRON III
    (202) 616-5367
    Attorneys, Appellate Staff

Civil Division, Room 7260
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

*Attorneys for Respondent National Highway Traffic Safety Administration*

/s/ Timothy K. Webster
Roger R. Martella, Jr.
Timothy K. Webster
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

*Counsel for American Petroleum Institute, et al.*

/s/ Norman W. Fichthorn
Norman W. Fichthorn
Allison D. Wood
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500
nfichthorn@hunton.com

*Counsel for the Utility Air Regulatory Group*

/s/ David Bookbinder
David Bookbinder
D.C. Bar No. 455525
1700 Bryan Point Road
Accokeek, MD 20607
301-751-0611
david.bookbinder@verizon.net

11

*Attorney for Petitioners in Case No. 11-1439*

/s/  Claude D. Convisser
Claude D. Convisser
President & General Counsel
Plant Oil Powered Diesel Fuel Systems, Inc.
P.O. Box 6397
Santa Fe, New Mexico  87502
(505) 310-3840
(866) 239-5727 (fax)
cdc@popdiesel.com

*Counsel for Petitioner POP Diesel*


/s/  Theodore Hadzi-Antich
Theodore Hadzi-Antich
Senior Staff Attorney
Pacific Legal Foundation
930 G Street
Sacramento, CA  95814
(916) 419-7111

*Counsel for Petitioners*
*Delta Construction Company, et al.*


/s/ Peter Zalzal
Peter Zalzal
Pamela Campos
Vickie Patton
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO  80302
(303) 447-7214

Sean H. Donahue
2000 L Street, NW
Suite 808
Washington, DC  20036
(202) 277-7085

*Attorneys for Proposed Intervenors*
*Environmental Defense Fund,*
*Natural Resources Defense Council,*
*and Sierra Club*


KAMALA D. HARRIS
Attorney General of California
ROBERT W. BYRNE
Senior Assistant Attorney General


/s/ Annadel A. Almendras
ANNADEL A. ALMENDRAS
Supervising Deputy Attorney General
*Attorneys for Proposed Intervenor*
*State of California*

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Joint Motion to Sever and to Continue to Hold in Abeyance Case Nos. 11-1438 and 11-1440, for Entry of a Briefing Format and Schedule for Remaining Consolidated Cases, and for Procedural Coordination with Related Case Nos. 12-1428 and 13-1076, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for parties who have registered with the Court's CM/ECF system.

Date: November 14, 2013                    /s/   Eric G. Hostetler
                                           Eric G. Hostetler
                                           Counsel for Respondents