ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| PLANT OIL POWERED DIESEL FUEL SYSTEMS, INC. | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 12-1427 |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., | ) ) ) ) | |
| Respondents. _____ | ) ) | |

**RESPONSE TO PETITIONER'S MOTION TO COMPEL
DESIGNATION OF ADDITIONAL RECORD MATERIALS**

Respondents United States Department of Transportation (DOT) and Anthony R. Foxx, Secretary of Transportation,[1] hereby respond to the motion filed on November 14, 2013 by petitioner Plaint Oil Powered Diesel Systems, Inc. (POP Diesel), captioned a Motion To Compel Designation Of Twelve Exhibits To The Certified Index Of Respondent DOT's Administrative Record. That motion seeks to add to the administrative record material that was not before the agency at the time of the decision under review and that would in any event be irrelevant to the

---

[1] Pursuant to FRAP 43(c)(2), the caption in this case should be amended to reflect the automatic substitution of Anthony R. Foxx, the current Secretary of Transportation.

agency's decision. The motion should be denied under settled principles of administrative law.

## STATEMENT

As relevant here, this is a petition for review of the denial of a petition for rulemaking before the National Highway Traffic Safety Administration (NHTSA), an operating agency within the DOT. 77 Fed. Reg. 51499 (Aug. 24, 2012).[2] POP Diesel's petition for rulemaking sought amendment of the fuel efficiency standards for medium- and heavy-duty vehicles established by NHTSA and the Environmental Protection Agency (EPA). 76 Fed. Reg. 57106 (Sept. 15, 2011).

POP Diesel actually submitted two administrative petitions to DOT, "both * * * styled as petitions for reconsideration of the [medium- and heavy-duty vehicle fuel efficiency] rule." 77 Fed. Reg. 51500. Both petitions were dated and submitted later than the 45-day period established by regulation for filing petitions

---

[2] This case was filed as a single petition for review seeking judicial review of two separate agency actions: In addition to NHTSA's denial of the petition for rulemaking, POP Diesel also seeks judicial review of a decision by the Environmental Protection Agency (EPA), denying a petition for reconsideration of EPA's greenhouse gas standards for medium- and heavy-duty vehicles. 77 Fed. Reg. 52701 (Aug. 27, 2012). Those two agency decisions are distinct and subject to different means and standards of review: Although this Court has jurisdiction to review the EPA action, see 42 U.S.C. § 7607, there is no corresponding grant of jurisdiction with respect to NHTSA. The government has moved to dismiss the case as to DOT, and this Court referred that motion to the merits panel in an order issued May 1, 2013.

for reconsideration. See 49 CFR § 553.35(a). Thus, under the agency's rules, both were treated as petitions for rulemaking. *Ibid.*

POP Diesel's first petition was dated November 14, 2011, 60 days after September 15, 2011, when the agency published its medium- and heavy-duty vehicle fuel efficiency standards. See 76 Fed. Reg. 57106. POP Diesel did not submit the November 2011 petition to the NHTSA Administrator as specified in the regulations. See 49 CFR § 553.35(a); see also 49 § CFR 552.4 (same for petitions for rulemaking). As a consequence, the petition was not received and docketed pursuant to NHTSA's normal procedures. NHTSA did not receive the November 2011 petition until after POP Diesel's counsel emailed an electronic copy to government counsel. That electronic copy did not include attachments.

The second petition, dated February 12, 2012, was received by NHTSA on February 27, 2012. NHTSA determined that the February 2012 petition contained sufficient new material to supplant (rather than merely amend) the earlier petition, and that the agency would consider the February 2012 petition as the basis for the request for rulemaking to amend the heavy duty standards. As a consequence, the agency no longer intended to review the earlier November 2011 petition. In its decision denying the petition, NHTSA explained that it addressed only the February 2012 petition. See 77 Fed. Reg. 51500.

Following NHTSA's denial of the petition for rulemaking, POP Diesel sought review of that decision in this Court. NHTSA moved to dismiss the putative petition for review based on lack of jurisdiction, and the agency did not file the administrative record while that motion was pending or while the case was held in abeyance. NHTSA filed its certified index of the administrative record on November 14, 2013. That record includes the initial petition (without exhibits) from November 2011, although that petition was not the basis of the agency's decision. The order under review instead addressed the February 2012 amended and supplemental petition, which is included in the administrative record with its exhibits.

## ARGUMENT

**1.** POP Diesel's motion seeks to add material to the administrative record that was not before the agency at the time of the decision under review. The NHTSA docket includes the materials that were before the agency decision-maker, but does not include items that the agency did not have before it and thus could not and did not consider. There is no occasion to add material to the administrative record for purposes of the case before this Court.

FRAP 16(a) provides that "[t]he record on review or enforcement of an agency order consists of: (1) the order involved; (2) any findings or report on which it is based; and (3) the pleadings, evidence, and other parts of the

proceedings before the agency." That standard is consistent with the governing statute, 28 U.S.C. § 2112(b), which provides that "[t]he record to be filed in the court of appeals in such a proceeding shall consist of the order sought to be reviewed or enforced, the findings or report upon which it is based, and the pleadings, evidence, and proceedings before the agency, board, commission, or officer concerned * * *." Both § 2112(b) and FRAP 16(a) use the phrase "proceedings before the agency," making clear that the administrative record includes only material actually before the decision-maker.

This Court's case law is likewise clear and well-established: "It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made." *Environmental Defense Fund, Inc.* v. *Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981), cited in, *e.g.*, *Tripoli Rocketry Ass'n* v. *ATF*, 437 F.3d 75, 81 (D.C. Cir. 2006) (characterizing the proposition as "well understood in administrative law"). And the Supreme Court has emphasized that "the focal point for judicial review [of agency action] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp* v. *Pitts*, 411 U.S. 138, 142 (1973).

**2.** The index to the administrative record was certified by James Tamm, Chief of the Fuel Economy Division in the NHTSA Office of Rulemaking, whose

5

official actions are entitled to a presumption of regularity and good faith. See, *e.g.*, *Citizens to Preserve Overton Park, Inc.* v. *Volpe*, 401 U.S. 402, 415 (1971) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."). The Tenth Circuit has observed that "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches* v. *Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (requiring "clear evidence" that the administrative record is improper).

POP Diesel's motion and accompanying declaration do not cast doubt on the validity or correctness of the administrative record under the governing legal standards. POP Diesel argues that this Court should consider the exhibits to the November 2011 petition, but does not dispute that those exhibits were not before the NHTSA decision-maker. See Mot. 6.

**3.** The absence of the exhibits is understandable, in light of POP Diesel's failure to submit the November 2011 petition and accompanying exhibits to NHTSA pursuant to the established procedure set forth in the agency regulations. Those regulations direct that petitions for reconsideration should be submitted to the NHTSA Administrator at the postal address specified in the rule. 49 CFR § 553.35(a); see also 49 § CFR 552.4 (same for petitions for rulemaking). Such a

6

centralized filing requirement allows the agency to log and track petitions, and minimizes the possibility that material might be misplaced or misdirected. *See, e.g.*, 49 C.F.R. 501.3(a)(4) (describing NHTSA's Executive Secretariat: "a central facilitative staff that administers an executive correspondence program and maintains policy files for the Administrator and Deputy Administrator").

POP Diesel contends that its counsel hand-delivered the November 2011 petition and accompanying exhibits to an unidentified person apparently affiliated not with NHTSA but with the DOT Office of General Counsel. See Mot. 2. If POP Diesel had submitted the petition as specified in the regulations, it could have ensured that the information would have been properly docketed and tracked.[3]

**4.** POP Diesel's motion seeks relief that would have no effect on this litigation, and should be denied on that basis as well. The November 2011 petition was not relevant to the NHTSA decision under review, which instead addressed POP Diesel's subsequent petition, filed in February 2012. Thus, even if the earlier exhibits had been before the agency, they would have had no effect on the agency's decision.

---

[3] POP Diesel's description of the events is difficult to understand. DOT and NHTSA's physical offices have been located at 1200 New Jersey Ave, SE, Washington, DC, since 2007. Thus, in November 2011, DOT's Office of General Counsel and DOT Headquarters were not at the location described in POP Diesel's motion. (The regulation requires submission of petitions to that mailing address, which are forwarded to the agency's current location.)

Because the February 2012 petition contained new material, the agency concluded that it supplanted the earlier petition. As a consequence, the agency had no need to review the earlier November 2011 petition. In its decision denying the petition, NHTSA explained that it addressed only the February 2012 petition. See 77 Fed. Reg. 51500. That approach avoided unnecessarily duplicative agency efforts, and allowed the agency to focus on the newest arguments and evidence relied on by POP Diesel.

POP Diesel was not prejudiced by that decision. NHTSA applied the same standards to the later petition that would have governed its evaluation of the November 2011 petition. Both of POP Diesel's submissions were captioned petitions for reconsideration, but both were untimely. NHTSA's regulations require that any petition for reconsideration must be filed within 45 days of the rule at issue. 49 CFR § 553.35(a). POP Diesel would have to have submitted a petition for reconsideration by October 30, 2011 in order to come within that 45-day deadline. But the initial petition was dated November 14, two weeks later.

NHTSA regulations also specifically indicate that a putative petition for reconsideration filed after 45 days will be considered as a petition for rulemaking. *Ibid.* Thus, even if NHTSA had received and acted on the earlier petition, the agency would have treated it as a petition for rulemaking, not a petition for reconsideration.

POP Diesel appears to misunderstand the operation of that regulation. The motion suggests that the "reasoning" for NHTSA's decision "to treat POP Diesel's petition for reconsideration as a petition for new rule-making" was NHTSA's determination that the February 2012 petition supplanted the earlier petition. Mot. 4. But that does not reflect either the agency's explanation or the governing regulatory regime. NHTSA explained that both petitions were necessarily considered as petitions for rulemaking because they were not timely filed for purposes of reconsideration. See 77 Fed. Reg. 51500 ("As both petitions were received more than 45 days after the final rule was published, they were considered by the agency as petitions for rulemaking under part 552.").

Thus, POP Diesel suffered no harm by NHTSA's decision to address the February 2012 petition, and the exhibits to the November 2011 petition would have made no difference to the agency's analysis. Because the November 2011 petition was submitted well after the 45-day period for a petition for reconsideration, it would likewise have been treated as a petition for rulemaking subject to the same standards that governed the later petition. POP Diesel is mistaken to contend that "different standards of judicial review may apply." Mot. 5.

## CONCLUSION

For the reasons set forth above, this Court should deny the motion to compel designation of additional record materials.

          Respectfully submitted,

          /s/ H. Thomas Byron III
          MARK B. STERN
           (202) 514-5089
          H. THOMAS BYRON III
           (202) 616-5367
          Attorneys, Appellate Staff
          Civil Division, Room 7260
          Department of Justice
          950 Pennsylvania Avenue, N.W.
          Washington, D.C.  20530-0001

          ATTORNEYS FOR RESPONDENTS
          UNITED STATES DEPARTMENT OF
          TRANSPORTATION AND
          ANTHONY R. FOXX, SECRETARY
          OF TRANSPORTATION

November 27, 2013

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response To Petitioner's Motion To Compel Designation Of Additional Record Materials was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners who have registered with the Court's CM/ECF system.

Date: November 27, 2013    /s/   H. Thomas Byron III
H. Thomas Byron III
Counsel for Respondents